**Lois P. DETLEFSEN, Plaintiff,**

v.

**Mary Jewel GRAY, Defendant.**

**Civ. A. No. 4453-67.**

United States District Court,
S. D. Alabama, S. D.

March 31, 1970.

Charles S. Street, Mobile, Ala., for plaintiff.

Irvin J. Langford, Mobile, Ala., for defendant.

### ORDER

PITTMAN, District Judge.

This cause came on to be heard non-jury on March 24, 1970. All parties and their respective counsel were present. Witnesses were sworn and testimony taken.

Certain issues having been ruled on by the court in open court on March 24, 1970, and objections being made thereto, the only remaining issues, on which evidence was received, are:

(1) who is entitled to the present occupation and use of the premises at 908 Selma Street, Mobile, Alabama; and,

(2) what, if any, income from the rental units at said address does the defendant owe the plaintiff.

### FINDINGS OF FACT

At the time of the divorce on April 15, 1954, of W. A. Detlefsen, plaintiff's husband, and the defendant, there were three children by that marriage, ages 13, 8, and 4. The defendant was awarded custody of the children and awarded possession of the house on Selma Street "until such time as she shall remarry," with the right to rent out said premises provided she used the income therefrom for the care, support, and maintenance of the *minor* children and herself.

The decree was modified on October 4, 1956. Included in the modification was a requirement that should the defendant remarry, she was to surrender possession of said premises to W. A. Detlefsen.

On February 11, 1957, the defendant remarried. (W. A. Detlefsen married the plaintiff in 1956, and on February 1, 1956, deeded to her his interest in said premises.)

At no time did the defendant surrender possession of said premises to W. A. Detlefsen.

On February 16, 1959, another modification of the decree was entered. This modification provided that the defendant be entitled "to live in, along with the children of the marriage, *the portions* of the property on Selma Street *which they now occupy.*"

It further provided "that the [rental] income from all other portions of said property" were to be paid to W. A. Detlefsen.

The property consisted of a lot on which was located a dwelling house and garage apartment. The dwelling was divided into apartments. The evidence is uncontradicted that the defendant at the time of the February, 1959 modification occupied only the west side apartment on the first floor of the dwelling. In April, 1966, fire destroyed the dwelling, and she and the children have subsequently lived elsewhere. She claims to have exercised acts of possession by cutting the weeds on it under a city ordinance.

The youngest of the children, a girl, was married in 1968, at age 18. Therefore, as of the date of the hearing of this cause, there are no minor children.

The defendant admitted on cross-examination that since February 10, 1961, a date the importance of which will appear infra, she received rental income in the amount of $100, which income she did not forward to W. A. Detlefsen, though required to do so by the 1959 modification.

## CONCLUSIONS OF LAW

It is the opinion of this court that in the original divorce decree and the modification thereto, it was the intention of the Circuit Court, in granting possession of the house on Selma Street to the defendant herein, to exercise its continuing jurisdiction over the support and maintenance of the minor children. For while remarriage does not, by law, extinguish an ex-wife's right to alimony, as a practical matter, that is the effect of remarriage. The Circuit Court, in its original decree and subsequent modifications, made constant reference to the *minor* children.

This court cannot believe that by the 1959 modification, the Circuit Court intended to give the defendant herein a timeless right of possession to the property.

This suit was filed on February 10, 1967, with an amendment as to right of possession filed March 24, 1970. Among other causes of action, the complaint sought damages for the use and occupation of said land under Title 31, § 46, Code of Alabama 1940 (Recomp.1958). Since there is a six year statute of limitation for this cause of action, the court ruled at the trial of this cause that no evidence as to this cause of action would be heard for anytime prior to February 10, 1961, six years prior to the filing of this suit.

In view of the defendant's admission on cross-examination that she received $100 in rental income which she was required by the divorce decree to turn over to W. A. Detlefsen, but did not do

so, it is clear that the defendant must answer for that amount.

Accordingly, it is the order, judgment, and decree of this court that the plaintiff is entitled to full possession, occupation, and use of the premises located at 908 Selma Street, Mobile, Alabama, and the defendant has no further rights to the property under the Mobile, Alabama, Circuit Court decree dated February 16, 1959.

It is the further order, judgment, and decree of this court that the defendant pay the plaintiff the amount of $100.00.

The costs are taxed equally against the plaintiff and the defendant.